BOYD SAMUELS v. D. W. BOWERS, T/A D. W. BOWERS LUMBER COMPANY.

(Filed 18 October, 1950.)

**Appeal and Error § 43—**

A petition to rehear will be dismissed where the members of the Supreme Court are equally divided in opinion, one Justice having died since the petition was filed.

PETITION by defendant Bowers to rehear this case, reported *ante,* 149.

*Hubert E. Olive and W. H. Steed for respondent.*
*Don A. Walser for petitioner.*

PER CURIAM. *Justice Seawell* having died since the petition to rehear was filed, and the remaining members of the Court being equally divided in opinion, the petition to rehear is dismissed. The case as reported will remain the law of the case but does not constitute a precedent.

Petition dismissed.

---

NAOMI McMILLAN LEDFORD v. HOLLY LEDFORD; J. FLAY LEDFORD AND WIFE, MARGARET W. LEDFORD; LOUISE LEDFORD WYATT AND HUSBAND, GUY E. WYATT; MARY GRACE LEDFORD HEMBY AND HUSBAND, FRANK H. HEMBY; HELEN BRUCE LEDFORD GRUBB AND HUSBAND, JACK GRUBB; SAM M. LEDFORD AND WIFE, CAROL LEDFORD; SARA BESS LEDFORD ORMAND AND HUSBAND, JACK ORMAND; A. B. LEDFORD AND WIFE, LOUISE CLARY LEDFORD.

(Filed 18 October, 1950.)

APPEAL by plaintiff from *Bobbitt, J.,* at the March-April Term, 1950, of CLEVELAND.

This is a civil action to set aside a consent judgment and a deed of release signed by the plaintiff on the ground of mutual mistake on the part of the plaintiff and the defendants.

It appears from the record that J. F. Ledford, the late husband of the plaintiff, died on 20 March, 1947, leaving a last will and testament, from which the plaintiff dissented. She thereafter filed in the Superior Court of Cleveland County a petition for the allotment of dower.

The parties thereto compromised their differences and a consent judgment was entered and the plaintiff, in consideration of the sum of $15,000, paid to her by the defendants, executed a quitclaim deed to

the defendants, on 27 October, 1947, as provided in the consent judgment.

The plaintiff thereafter made a motion in the cause to set aside the judgment entered in the proceeding signed by consent of her attorney. The motion was denied and the plaintiff appealed to this Court and the ruling of the lower court was upheld. See *Ledford v. Ledford*, 229 N.C. 373, 49 S.E. 2d 794.

After the decision was rendered in the above case, this action was instituted.

Upon the hearing below, at the close of all the evidence, the defendants renewed their motion for judgment as of nonsuit interposed at the close of plaintiff's evidence, and the motion was allowed. Plaintiff appeals and assigns error.

*Naomi McMillan Ledford in propria persona.*
*Falls & Falls for defendants.*

PER CURIAM: The evidence as revealed by the record herein is insufficient to warrant the submission of the case to the jury on the question of mutual mistake.

The judgment of nonsuit is
Affirmed.

---

IRENE B. BAKER, ADMINISTRATRIX OF THE ESTATE OF WALTER GLENN BAKER, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 1 November, 1950.)

1. **Negligence § 1—**

    Negligence is the failure to exercise proper care in the performance of some legal duty which defendant owes plaintiff under the circumstances in which they are placed.

2. **Negligence § 5—**

    Proximate cause is that cause which produces the result in continuous sequence and without which it would not have occurred, and one from which a man of ordinary prudence could have foreseen that such result was probable under all the facts as they existed.

3. **Negligence § 17—**

    Plaintiff has the burden of showing not only negligence but that such negligence was the proximate cause of the injury.

4. **Negligence § 19a—**

    Negligence and proximate cause are questions of law, and when the facts are admitted or established are for the determination of the court.